UNITED STATES of America

v.

**Robert GARCIA, Jane Lee Garcia, and Ralph Vallone, Jr., Defendants.**

88 Cr. 852 (DNE).

United States District Court,
S.D. New York.

Oct. 1, 1991.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Michele Hirshman, Jeh C. Johnson, Asst. U.S. Attys., of counsel), for U.S.

Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., New York City (Barry Bohrer, of counsel), for defendant Robert Garcia.

Fischetti & Russo, New York City (Ronald P. Fischetti, of counsel), for defendant Jane Garcia.

GOLDMAN & HAFETZ, New York City (Lawrence S. Goldman, Alexander E. Eisemann, of counsel), for defendant Ralph Vallone, Jr.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Defendants' request that this Court charge the jury in this case that there is a *quid pro quo* requirement under a theory of extortion under color of official right. For the reasons discussed below, defendants' request is denied.

There is a split amongst the circuits on whether an affirmative act of inducement is required to prove extortion under color of official right. In *United States v. O'Grady*, 742 F.2d 682 (1984), the Second Circuit held, en banc, that some affirmative act of inducement by the official had to be shown to prove the Government's case. While the Ninth Circuit has followed the Second Circuit's position, other circuits have not.

In *McCormick v. United States*, —— U.S. ——, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991), the Supreme Court explicitly declined to address the inducement requirement. *Id.* 111 S.Ct. at 1813 n. 5. Rather, the Court addressed "the issue of what proof is necessary to show that the receipt of a *campaign contribution* by an elected official is violative of the Hobbs Act." *Id.* (emphasis added). In focusing on the issue of campaign contributions, the Court stated:

"Serving constituents and supporting legislation that will benefit the district and individuals and groups therein is the every-day business of a legislator. It is also true that campaigns must be run and financed. Money is constantly being solicited on behalf of candidates, who run on platforms and who claim support on the basis of their views and what they intend to do or have done. Whatever ethical considerations and appearances may indicate, to hold that legislators commit the federal crime of extortion when they act for the benefit of constituents or support legislation furthering the interests of some of their constituents, shortly before or after campaign contributions are solicited and received from those beneficiaries is an unrealistic assessment of what Congress could have meant by making it a crime to obtain

property from another, with his consent, 'under color of official right.' To hold otherwise would open to prosecution not only conduct that has long been thought well within the law but also conduct that in a very real sense is unavoidable so long as election campaigns are financed by private contributions or expenditures, as they have been from the beginning of the Nation."

*Id.* at 1816.

After discussing these concerns about prosecutions involving campaign contributions for extortion under "color of official right," the Court held that such contributions are vulnerable to prosecution in two situation. First, "political contributions are of course vulnerable if induced by the use of force, violence or fear." *Id.* Second, "the receipt of such contributions is also vulnerable under the [Hobbs] Act as having been taken under color of official right, but only if the payments are made in return for an explicit promise or undertaking by the official to perform or not to perform an official act." *Id.*

Thus, the Court created a *quid pro quo* requirement in prosecutions designed to show that the receipt of a campaign contribution constitutes extortion "under color of official right." As the Court's opinion makes clear, this requirement is designed to protect against prosecutions based on conduct that was long thought to be lawful and conduct that is "unavoidable" in election campaigns financed by private contributions or expenditures.

Defendant's argue that the Ninth Circuit's decision in *United States v. Montoya,* 945 F.2d 1068 (9th Cir.1991), extends *McCormick* to payments beyond campaign contributions. Accordingly, the defendant's request that the *quid pro quo* requirement be charged here.

*Montoya* dealt in part with campaign contributions and in part with honoraria. Like campaign contributions, honoraria may lawfully be requested and received by politicians. Thus, the Ninth Circuit's decision to apply a *quid pro quo* requirement in *Montoya* is wholly consistent with the Supreme Court's concern in *McCormick*

that the theory of extortion under color of official right could be used to prosecute conduct that was long thought to be lawful and conduct "unavoidable" in privately financed election campaigns. *Montoya* therefore does not interpret *McCormick* to provide a *quid pro quo* requirement in all prosecutions under a theory of extortion under "color of official right." In sum, neither the holdings nor the rationale of *McCormick* or *Montoya* extend to the conduct involved in this case.

Campaign contributions or honoraria are not at issue in this case. What is at issue are an alleged request for a consulting job for a spouse and an alleged interest free loan funneled through a relative. Clearly, this case does not involve conduct that has long been thought to be lawful or conduct "unavoidable" in election campaigns financed by private contributions or expenditures. Accordingly, an instruction that there is a *quid pro quo* requirement is inappropriate in this case. Defendant's request is therefore denied.

SO ORDERED.